PER CURIAM.
In Moore v. Brown, 10 Ohio, 197, it was held that the omission to enter notice at the term at which the judgment was entered could not be cured by a nunc pro tunc order of a subsequent term. This case has not been overruled, and is decisive of the question here presented. The statute then required the notice to be entered at the term, Swan, 1841, page 682, section 124. The statute, section 5227, Revised Statutes, now requires the notice to be entered within three days,and so far as this question is concerned, that is the only difference, so that Moore v. Brown, supra, controls. The judge’s docket is not a record. A verbal notice is not sufficient, nor is the matter *703 within the control of the court. The party'must enter notice on the record. Notice to the judge or court is not a compliance •with the statute, and the court cannot cure the omission *by a nunc pro tunc entry of the notice.